UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICARDO PITTMAN, JR., <br><br> Plaintiff, <br><br> v. <br><br> VILLAGE OF DOLTON; WILLIAM SHAW; EVANGELINE LEVISON; DOLTON POLICE DEPARTMENT; POLICE CHIEF BURGESS; SGT. BOLDEN JONES; OFFICER LACEY; QUERREY & HARROW, LTD.; DENNIS A. MARKS; DANIEL F. GALLAGHER; LARRY S. KOWALCZYK; DAVID LaPORTE; THE LAW OFFICE OF ANDERSON J. WARD, P.C.; ANDERSON J. WARD; and LETHEAL N. JOHNSON, <br><br> Defendants. | No. 09 C 0030 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

This case is Plaintiff Ricardo Pittman, Jr.'s third attempt to litigate claims arising out of his alleged false arrest and imprisonment by the Village of Dolton Police Department on July 25 or 26, 2002. The first case, *Pittman v. Dolton Police Department, et al.*, 04-CV-4890 ("*Pittman 1*"), settled in 2005 for $10,000. Plaintiff complained that he did not authorize his attorney to enter into the settlement agreement. Judge Guzman held an evidentiary hearing and determined that an oral settlement had been reached and authorized and entered judgment. Plaintiff appealed, and the Seventh Circuit agreed with Judge Guzman and upheld the settlement and judgment. *Pittman v. Village of Dolton*, No. 06-1028, slip. op. (7th Cir. Aug. 11 2006). Plaintiff's petition for writ of certiorari was denied. *Pittman v. Village of Dolton*, 128 S.Ct. 543

(2007). Plaintiff also filed ARDC charges against all attorneys involved in *Pittman 1* (all of whom were exonerated by the ARDC) and a complaint of judicial misconduct against Magistrate Judge Nolan (who conducted the settlement conference in the case).

Next, Plaintiff filed a second lawsuit against the Dolton defendants stemming from the same events. *Pittman v. Village of Dolton, et al.*, 07-CV-198 ("*Pittman 2*"). In *Pittman 2*, Plaintiff also argued that Judge Guzman and Magistrate Judge Nolan had conspired to cover up the violation of Plaintiff's constitutional rights by forcing the settlement. Judge Shadur dismissed *Pittman 2*, holding: "our Court of Appeals having expressly upheld Judge Guzman's ruling approving the settlement of the selfsame lawsuit the first time around . . ., Pittman is barred from his current attempt to fight the same battle over. As a matter of law, Pittman's present unhappiness with that result does not entitle him to sue again."

Plaintiff, pro se, filed the instant 83-page, 14-count complaint in January 2009. Counts I through IX re-assert the same false arrest and imprisonment claims against the Dolton defendants that were raised in both *Pittman 1* and *Pittman 2*. The new counts allege claims against the various attorneys involved in *Pittman 1*. Count X alleges civil conspiracy between Plaintiff's attorneys and the Dolton defendants' retained attorneys at Querrey & Harrow. Count XI alleges civil conspiracy between the Querrey & Harrow defendants and the Dolton defendants to deny Plaintiff's civil rights. Count XII alleges a state law claim for legal malpractice against Plaintiff's own attorneys, the law office of Anderson J. Ward, P.C., Anderson J. Ward, and Letheal N. Johnson. (There is no Count XIII). Finally, Plaintiff asserts common law claims for fraud (Count XIV) and fraudulent concealment (Count XV) against all attorneys and Mayor

Shaw[1], because Plaintiff's own attorneys represented to him that they would be fair and would prosecute his case, despite allegedly having no intention of doing so.

The Dolton defendants (which include the Village of Dolton; the office of the Mayor of Dolton; its in-house counsel, Evangeline Levison; the Dolton Police Department and its employees, Chief Burgess, Sgt. Bolden Jones, and Officer Lacey; and its retained attorneys Querrey & Harrow, Ltd., Dennis A. Marks, Daniel F. Gallagher, Larry S. Kowalczyk, and David LaPorte) filed a joint motion to dismiss all counts pursuant to Rule 12(b)(6) and a separate motion for sanctions pursuant to Rule 11. Plaintiff failed to file a response brief to either motion by the March 10, 2009 deadline he selected. Instead, on March 9, 2009, Plaintiff filed three pleadings: (1) a motion for leave to file a cross-motion for sanctions, (2) a response to Querrey & Harrow's previously granted motion to quash premature discovery, and (3) an affidavit. I denied Plaintiff's motion for leave to file a cross-motion for sanctions. Dolton defendants filed a consolidated reply in support of their motion to dismiss and motion for sanctions. (Plaintiff wants, on April 16, to ask for leave to file a response brief; this will be too late and I deny the motion now).

## II. DISCUSSION

Counts I through IX, which attempt to re-litigate the false arrest and false imprisonment claims that were settled during *Pittman 1* and re-raised and dismissed in *Pittman 2*, are barred by the doctrine of res judicata. For each count, there was a prior final judgment on the merits

---

[1] Mayor William Shaw, the former mayor of Dolton, passed away on November 26, 2008, prior to the filing of this lawsuit. To the extent Plaintiff sued Mayor Shaw in his "official capacity," references to him shall refer to the office of the Mayor. To the extent Plaintiff sued Shaw in his individual capacity, service was not affected and he is dismissed from the suit.

3

involving identical claims between the same parties or their privies. *See Cent. States, S.E. & S.W. Areas Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 628 (7th Cir. 2002); *4901 Corp. v. Town of Cicero*, 220 F.3d 522, 529-30 (7th Cir. 2000) (judgment entered on the basis of a settlement agreement is a judgment on the merits for purposes of res judicata). When these elements are met, res judicata "bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action." *Highway J Citizens Group v. United States DOT*, 456 F.3d 734, 741 (7th Cir. 2006) (citation omitted).

In addition, Counts I through XI, Plaintiff's federal claims, are time-barred. Counts I through IX concern the alleged false arrest and false imprisonment that occurred in July 2002 and are subject to a two-year statute of limitations. *See Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 775 n.2 (7th Cir. 1995). Counts X - XI[2] concern the settlement of *Pittman 1* in 2005 and are similarly subject to a two-year statute of limitations. These counts are dismissed.

In light of the pending motion for sanctions, I also note the Counts X and XI fail on their merits. Count X alleges that the Querrey & Harrow defendants conspired with Plaintiff's attorneys to deprive him of his constitutional rights by settling *Pittman 1*. Plaintiff has failed to allege any state action to pursue a § 1983 claim. Further, he has no constitutional right not to settle on which to base his § 1985 claim. Count XI is virtually identical to Count X, but it alleges another conspiracy between the Querrey & Harrow defendants and Mayor Shaw and Dolton's in-house counsel, namely Querrey & Harrow's retainer agreement with Dolton. The count fails to allege any violation of a constitutional right.

---

[2] Count XII's claim for legal malpractice is directed at Plaintiff's own attorneys and thus the Dolton defendants have not specifically moved for its dismissal. However, because I find that the claim is barred by the applicable statute of limitations, I dismiss Count XII sua sponte.

Counts XIV and XV, claims for fraud and fraudulent concealment, allege the same facts: Plaintiff says his attorneys misrepresented to him that they would be fair and would prosecute his case on his behalf, despite having no intention of doing so. First, to the extent these counts are directed against Dolton employees, the office of the Mayor, or Dolton's in-house counsel, they are barred by the one-year statute of limitations provided by the Local Governmental and Governmental Employees Tort Immunity Act. 745 ILCS 10/8-101; *McCraven v. City of Chicago*, 18 F. Supp. 2d 877, 884 (N.D. Ill. 1998). Second, Plaintiff's fraud claims against both the Dolton employees and the Querrey & Harrow defendants fail because these defendants never made any representations, let alone misrepresentations, to Plaintiff about how his own attorneys would pursue his case. I dismiss Counts XIV and XV insofar as they name the Dolton defendants; Counts XIV and XV remain as to Plaintiff's attorneys (and I note that these are the only remaining partial counts of Plaintiff's complaint).

The Dolton defendants having been dismissed, I now consider their motion for sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 11. A party who violates Rule 11 may be subject to sanctions "sufficient to deter repetition of the conduct or comparable conduct by others similarly situated", including "nonmonetary directives; an order to pay a penalty into court; or . . . an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

Pittman's status as a *pro se* litigant does not exempt him from Rule 11's prescriptions. "Frivolous, vexatious, and repeated filings by *pro se* litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders." *United States ex rel. Verdone v. Circuit Court for*

5

*Taylor County*, 73 F.3d 669, 671 (7th Cir. 1995) (barring plaintiff from filing any papers in any federal court in the Seventh Circuit, excluding criminal and habeas corpus proceedings, without first seeking leave to file and providing a copy of proposed paper to be filed, a copy of Court's order, proof of payment of prior monetary sanctions, and a sworn affidavit by plaintiff certifying that maters raised in the proposed filing are not frivolous and have not been raised by him in prior suits).

This is the third case Pittman has filed for the same events that occurred in 2002, and the second case he has filed concerning his dissatisfaction with the settlement result reached (and upheld by the Court of Appeals) in *Pittman 1*. Pittman also failed to respond to the Dolton defendants' motion to dismiss or to this motion for sanctions and instead filed a motion for leave to file a cross-motion for sanctions, a response to a previously granted motion to quash premature discovery, and an affidavit. Pittman also filed ARDC charges against all attorneys involved in *Pittman 1*, including charges against Querrey & Harrow attorney Larry Kowalczyk as recently as July 29, 2008, and a complaint of judicial misconduct against Magistrate Judge Nolan. Furthermore, in this action, Pittman has filed various claims against Dolton's attorneys based on events surrounding *Pittman 1* that are clearly time-barred and devoid of any serious constitutional merit. Pittman's conduct has forced this Court and others in this District and the Dolton defendants named herein to expend time and money responding to claims nearly identical to those which were previously dismissed. Accordingly, sanctions are appropriate.

I order Pittman to pay a $1,000 fine to the court clerk. I further order that Pittman, individually, with others, or through a representative, is prohibited from filing any papers in this case without first providing proof of payment of this sanction. Until then, the clerk of the court

will return, unfiled, any papers Pittman tenders in this litigation. Lastly, I order Pittman to pay the Dolton defendants' costs and reasonable attorneys' fees incurred in responding to this lawsuit.

ENTER:

James B. Zagel
United States District Judge

DATE: April 14, 2009